POWERS KIRN, LLC
By: Karina Velter
ID# 94781
8 Neshaminy Interplex, Suite 215
Trevose, PA  19053
Telephone: 215-942-2090
Attorney for Movant / 24-0901

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Zenell N. Dear<br><br>                                        Debtor | Chapter 13 Proceeding<br><br>24-13926 DJB |
| PENNYMAC LOAN SERVICES, LLC<br>                                        Movant<br><br>v.<br>Zenell N. Dear<br>and<br>Kenneth E. West, Esquire<br><br>                                        Respondents | |

### STIPULATION IN SETTLEMENT OF
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

WHEREAS, the parties hereto and their respective counsel have agreed as to the disposition of the Motion

for Relief from the Automatic Stay filed by Karina Velter on behalf of the secured creditor, PENNYMAC

LOAN SERVICES, LLC ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as

follows:

1.      The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force

        and effect conditioned upon the terms and conditions set forth herein.

2.      This Stipulation pertains to the property located at 5443 Euclid Street, Philadelphia, PA  19131,

        mortgage account ending with 5906.  The full account number should be written on all

        remittances to ensure that payment is properly processed.

3.      Upon approval of the United States Bankruptcy Court of the within Stipulation, Debtor and

        Movant agree to the following:

        (a)      Parties acknowledge that the current regular post-petition payment is $723.31.

        (b)      Parties acknowledge that the following amounts are currently due post-petition:

|  | Quantity | From | To | | Amount | |
|---|---|---|---|---|---|---|
| Payments: | 3 | 04/01/2025 | 06/01/2025 | | $723.31 | $2,169.93 |
| Attorney Fees and Costs relating to Motion for Relief: | | | | | | $1,249.00 |
| Less: Debtor Suspense: | | | | | | $-14.26 |
| **Total Post-Petition Arrearage:** | | | | | | $3,404.67 |

(c)   Commencing with the 07/01/2025 payment the Debtor shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note and Mortgage.

(d)   Debtor agrees to Amend the Chapter 13 Plan to include the aforementioned post-petition delinquency representing all arrearages due through 06/01/2025. Debtor agrees to amend the Chapter 13 Plan within thirty (30) days of the filing of this Stipulation. Failure to amend the plan in accordance with the terms of this Stipulation shall constitute a default.

(e)   If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(f)   All post-petition payments from Debtor to Movant shall be sent to PennyMac Loan Services, LLC, P.O. Box 660929, Dallas, TX 75266-0929.

(g)   The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law. Also, all allowed fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(h)   The Debtor shall timely tender all payments and comply with all conditions in accordance with the Stipulation.

(i)   The terms of this Stipulation shall remain in full force and effect in the event the case converts to Chapter 11.

(j)   If such payments or conditions are not timely made, or if the case should convert to Chapter 7, Movant may provide the Debtor and Debtor's counsel with fifteen (15) days

written notice of default to cure the default within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay without further notice and hearing and waiving Fed. R. Bankr. P. 3002.1 and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

(k)     Attorney fees and costs for issuing a Notice of Default, Certification or Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

(l)     Counsel for Debtor has authority to settle this matter on behalf of the Debtor.

(m)     The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

Brad J. Sadek, Esquire
Attorney for Debtor
Date: 6/30/25

/s/ Karina Velter, Esquire

Karina Velter, Esquire
Attorney for Movant
Date: 06/30/2024

No Objection - Without Prejudice to Any Trustee Rights or Remedies
/s/ LeeAne O. Huggins

Kenneth E. West, Esquire
Trustee
Date:   June 30, 2025

On this_____ day of _____, 202__ , approved by the Court.


_____
United State Bankruptcy Judge
Derek J. Baker